UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
RECOVERY RACING III, LLC, d/b/a MASERATI
OF LONG ISLAND, a New York Limited Liability
Company, RECOVERY RACING V, LLC,
d/b/a MASERATI OF MANHATTAN, a New York
Limited Liability Company, and RECOVERY
RACING VIII, LLC, d/b/a GOLD
COAST MASERATI, a New York Limited Liability
Company,

                          Plaintiffs,

      -against-

MASERATI NORTH AMERICA, INC., a Delaware
Corporation, and GARY BROWN, a New York Resident,

                          Defendants.
---------------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM &
ORDER**
17-CV-1028 (JMA) (SIL)

FILED
CLERK

9/27/2017 2:45 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

APPEARANCES:

    Russell P. McRory
    Michael P. McMahan
    Charles Gallaer
    Arent Fox LLP
    1675 Broadway
    New York, NY 10019
        *Attorneys for Plaintiffs*

    Robert D. Cultice
    John J. Butts
    Michael J. Horrell
    Wilmer Cutler Pickering Hale and Dorr LLP
    60 State Street
    Boston, MA 02109
        *Attorneys for Defendant Maserati North America, Inc.*

    Charles Platt
    Wilmer Cutler Pickering Hale and Dorr LLP
    7 World Trade Center
    250 Greenwich Street
    New York, NY 10007
        *Attorney for Defendant Maserati North America, Inc.*

    Scott H. Mandel
    Labonte Law Group PLLC
    1461 Franklin Avenue, Suite LL-S
    Garden City, NY 11530
        *Attorney for Defendant Gary Brown*

**AZRACK, United States District Judge:**

Before the Court is plaintiffs' motion to remand this litigation to state court. For the reasons stated below, that motion is granted.

## I. BACKGROUND

The Court assumes familiarity with the facts and underlying proceedings of this litigation, which originally commenced as two separate civil actions—a federal action and a state action removed to this Court—and now appears in the form of one consolidated action removed to this Court.

To briefly summarize, in August 2015, plaintiffs filed the first action (the "First Action") against defendant Maserati North America, Inc. ("Maserati") in federal court alleging, among other things, breach of the covenants of good faith and fair dealing and statutory violations arising out of Maserati's allegedly discriminatory incentive program. <u>Recovery Racing, LLC, et al. v. Maserati North America, Inc.</u>, No. 15-cv-5046. Almost a year later, in May 2016, plaintiff Recovery Racing III, LLC ("RR-Long Island"), filed a second action (the "Second Action") against Maserati and a John Doe in state court alleging, among other things, that Maserati had breached its contract and covenants of good faith and fair dealing, violated a New York statute, and retaliated against plaintiff for its earlier allegations by awarding a new Maserati dealership to a John Doe. <u>Recovery Racing III, LLC v. Maserati North America, Inc.</u>, No. 16-cv-3017. According to RR-Long Island, the new dealership was to be located in Smithtown, New York, and threatened to undermine RR-Long Island's success in the region. Accordingly, RR-Long Island

2

sought injunctive relief barring Maserati and John Doe from opening the Smithtown dealership. The Second Action was removed to federal court by Maserati in June 2016.

In August 2016, RR-Long Island moved to have the Second Action remanded to state court, while Maserati moved to dismiss the action altogether. As part of its remand motion, RR-Long Island sought to join Gary Brown as a defendant, having uncovered John Doe's true identity after removal. By oral order, and later detailed in a written order issued on February 7, 2017, this Court denied RR-Long Island's remand motion and found that remand was improper because Brown could not be joined as a party pursuant to 28 U.S.C. § 1447(e) and Federal Rule of Civil Procedure 20(a). In particular, RR-Long Island had failed to allege any cause of action against or wrongdoing by Brown, as required by Rule 20(a). The Court also granted Maserati's motion to dismiss the statutory claim with prejudice, but reserved judgment on the remaining contract claims.

Before the Court rendered decision on the contract claims, RR-Long Island voluntarily dismissed the Second Action pursuant to Rule 41(a)(1)(A)(i). On that same day, all three plaintiffs voluntarily dismissed the First Action pursuant to the same rule.

Plaintiffs then filed a single, consolidated action (the "Instant Action") against defendants Maserati and Brown in state court. The Instant Action consolidates the remaining allegations against the defendants and includes: (1) the statutory and contract claims related to Maserati's allegedly discriminatory incentive program and (2) the contract claims related to the Smithtown dealership. Once again, plaintiffs seek injunctive relief "prohibiting [Maserati] and Brown from opening the new Smithtown dealership or any franchised Maserati dealership in Suffolk County, which would violate [RR-Long Island's] contractual rights . . . ." (State Court Compl. ¶ 304, ECF No. 1-13.)

On February 23, 2017, Maserati removed the Instant Action to federal court on the grounds

that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.  (ECF No. 1.)  On March 24, 2017, all three plaintiffs moved to remand the Instant Action to state court.  Maserati and Brown opposed.  The motion is now fully submitted.

## II.  DISCUSSION

According to plaintiffs, the Court lacks diversity jurisdiction over this dispute because all three plaintiffs and defendant Brown are New York citizens.  Plaintiffs argue that Brown is a necessary party to the action pursuant to New York Civil Practice Law and Rules ("CPLR") § 1001(a).  Namely, plaintiffs contend, Brown will be inequitably affected by any injunction barring the opening of the Smithtown dealership.

Defendants oppose, arguing, among other things, that Brown will not be inequitably affected by the injunction because he lacks a "vested legal right" to open the Smithtown dealership. (Maserati Opp'n Mem. 20, ECF No. 29.)  Thus, according to defendants, Brown is not a necessary party under New York law, and this Court has diversity jurisdiction because Brown—the only non-diverse defendant—was fraudulently joined.

It is undisputed that if Brown was properly joined, then the parties lack complete diversity, and this Court lacks subject-matter jurisdiction over the dispute.

### A.  **Legal Standard**

The parties in a state action removed to federal court on the grounds of diversity jurisdiction must be completely diverse.  See 28 U.S.C. §§ 1332, 1441(a), 1447(c).  A plaintiff, however, "may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants [non-diverse] parties with no real connection with the controversy."  Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459, 460–61 (2d Cir. 1998); see also Hand v. Chrysler Corp. 997 F. Supp. 553, 555 (D. Vt. 1998) ("Fraudulent joinder consists of

4

adding a party for the purpose of destroying diversity.").

To establish fraudulent joinder, the party opposing remand must prove "that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court."[1] Pampillonia, 138 F.3d at 461. Despite the language used in Pampillonia, several courts in this Circuit have found that the absence of a formal cause of action against a defendant, by itself, does not establish fraudulent joinder. See, e.g., CMS Volkswagen Holdings, LLC v. Volkswagen Grp. of America, Inc., No. 13-cv-3929, 2013 WL 6409487, at *6 (S.D.N.Y. Dec. 6. 2013); Audi of Smithtown, Inc. v. Volkswagen of America, Inc., No. 08-cv-1773, 2009 WL 385541, at *4 (E.D.N.Y. Feb. 11, 2009); see also Morrow v. Nationwide Mut. Fire Ins. Co., No. 14-cv-2664, 2014 WL 4638912, at *4 (E.D.N.Y. Sept. 16, 2014). Rather, "a necessary or indispensable party to a lawsuit, even where no specific cause of action is asserted against it, should be considered for diversity of jurisdiction purposes if it is a real party to the controversy." Audi of Smithtown, Inc., 2009 WL 385541, at *4 (granting remand after determining that non-diverse party who was likely to be affected by an injunction sought by plaintiffs was a necessary party under New York law). Under New York law, necessary parties are "[p]ersons who . . . might be inequitably affected by a judgment in the action . . . ."[2] CPLR § 1001(a).

The party opposing remand bears the burden of demonstrating fraudulent joinder by clear and convincing evidence. Pampillonia, 138 F.3d at 461 (describing defendant's burden as a "heavy" one); see also Audi of Smithtown, Inc., 2009 WL 385541, at *3 (citing Pampillonia).

---

[1] A party opposing remand may also establish fraudulent joinder by demonstrating that there has been an "outright fraud" committed in a plaintiff's pleadings—defendants do not argue that occurred here. Pampillonia, 138 F.3d at 461.

[2] Also, under New York law, "[p]ersons who ought to be parties if complete relief is to be accorded between the persons who are parties to the action," are necessary parties—an issue not present in this case. CPLR § 1001(a).

5

When resolving a question of fraudulent joinder, the Court is permitted to look beyond the pleadings. See Audi of Smithtown, Inc., 2009 WL 385541, at *3 (citing Bldg. and Constr. Trades Council of Buffalo, N.Y. and Vicinity v. Downtown Dev., Inc., 448 F.3d 138, 150 (2d Cir. 2006)). However, "all factual and legal issues must be resolved in favor of the plaintiff." Pampillonia, 138 F.3d at 461; see also Hand, 997 F. Supp. at 555 (citing Truglia v. KFC Corp., 692 F. Supp. 271, 275 (S.D.N.Y. 1988), aff'd 875 F.2d 308 (2d Cir. 1989) for the proposition that "[i]n determining whether fraudulent joinder exists, all disputed factual allegations and unsettled issues of the controlling law are resolved in favor of plaintiff"). Moreover, "[i]n light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." Lupo v. Human Affairs Int'l, Inc., 28 F.3d 269, 274 (2d Cir. 1994) (quoting Somlyo v. J. Lu-Rob Enters., Inc., 932 F.2d 1043, 1045–46 (2d Cir. 1991)).

**B. Analysis**

    **1. The Impact of the Requested Injunction on Brown Makes Him a Necessary Party**

Plaintiffs argue that Brown was properly joined in state court because he will be inequitably affected by the injunction they seek and is therefore a necessary party under CPLR § 1001. Defendants argue that Brown is not a necessary party because he has no legal right to open the Smithtown dealership. The Court agrees with plaintiffs.

This case is similar to Audi of Smithtown, 2009 WL 385541. In that case, several Audi dealers commenced an action in New York state court against Volkswagen Group of America ("Audi") and a third-party Audi dealer, Atlantic Imports, Inc. ("Atlantic Imports"). Plaintiffs alleged that Audi had engaged in two-tiered pricing to the advantage of Atlantic Imports and the disadvantage of plaintiffs. Although plaintiffs did not assert a formal cause of action against

6

Atlantic Imports, they sought an injunction that would prevent Audi from continuing its two-tiered pricing scheme. Plaintiffs contended that Atlantic Imports, who allegedly received the benefit of the two-tiered pricing, would be inequitably affected by such an injunction. Judge Bianco agreed and remanded the case, finding "there [wa]s no question that plaintiffs properly named Atlantic Imports as a necessary party under New York law . . . ." 2009 WL 385541, at *5.

Here, plaintiffs allege that Brown "has contracted, or is in the process of contracting, with Maserati to open the new Smithtown dealership." (State Court Compl. ¶ 173.) Any injunction enjoining Maserati and Brown from opening a Smithtown dealership would obviously affect Brown. As in Audi of Smithtown, Brown is thus a necessary party, and this case should be remanded.

Defendants attempt to distinguish Audi of Smithtown. They argue that if the injunction in Audi of Smithtown had been granted, the third-party dealer would have automatically stopped receiving payments from Audi. Here, defendants argue, Brown will not automatically lose anything because he does not have a legal right to operate the Smithtown dealership.

In support, Maserati has submitted a declaration of Christopher Tedesco, Maserati's Director of Dealer Network Development, in which Tedesco asserts: "Although [Maserati] has had discussions with Brown about the possibility of opening a Maserati dealership in Smithtown, at present, [Maserati] has not entered into a Dealer Agreement or a [Letter of Intent] with Brown." (Decl. of Christopher Tedesco ("Tedesco Decl.") ¶ 6, ECF No. 1-6.) Notably, Brown, who joins in Maserati's argument, has not himself provided any evidence in support of Maserati's position. Instead, he has simply asserted in his brief that he lacks any interest arising out of the Smithtown dealership. (Brown Opp'n Mem. 5–6, ECF No. 30.)

Plaintiffs offer two declarations, which contrary to Tedesco's declaration, suggest an

7

agreement between the defendants regarding the Smithtown dealership.  The first declaration comes from Stuart Hayim, the president of the plaintiff dealerships.  According to Hayim, during a meeting with Tedesco and Tom Shanley, the Head of Maserati, on December 7, 2016, Hayim asked if Maserati would halt the addition of a new dealership in Smithtown.  (Declaration of Stuart Hayim ("Hayim Decl.") ¶¶ 8–9, ECF No. 26.)  In response, "Mr. Tedesco told [Hayim] . . . that Maserati had an agreement with Mr. Brown permitting him to open a Maserati dealership in Smithtown and that they were concerned that if Maserati terminated the agreement, Mr. Brown could sue them."  (Id. at ¶ 10.)  As part of his declaration, Hayim provides a letter he wrote on March 7, 2017, corroborating his understanding of Maserati's position.  The letter reads:

> As you know, I have spoken with [Chris Tedesco] and Tom Shanley separately about Maserati's plans to open a dealership in Smithtown, New York.  I was told on several occasions that Maserati was moving forward with awarding this franchise to Gary Brown and that Mr. Brown was building a facility for Maserati at or near 43 Smithtown Boulevard in Smithtown. [Chris] and Tom also shared Maserati's concerns about litigation with Mr. Brown if it terminated its agreement with Mr. Brown and instead moved forward with me as the Maserati dealer in Smithtown.

(Letter dated March 7, 2017, Hayim Decl., Ex. A, ECF No. 26-1.)

Hayim notes that he met with Shanley again on March 7, 2017, this time joined by Maserati's Head of Sales Operations and the Chief Financial Officer of Ferrari S.p.A.  According to Hayim, "Maserati's personnel seemed surprised that, in connection with removal of the Consolidated Action to [federal] Court, Maserati and Mr. Brown were claiming that no agreement existed concerning Mr. Brown opening a Maserati dealership in Smithtown."  (Hayim Decl. ¶ 15.)

The second declaration comes from Kyle Goding, a Sales Associate at RR-Long Island, who claims to have attended an event at Gary Brown's Alfa Romeo dealership in Patchogue, New York on March 15, 2017.  (Declaration of Kyle Goding ("Goding Decl.") ¶ 8, ECF No. 27.)  While at the event, Goding spoke with Brown's sales manager, Michael Pellegrino.  (Id. at ¶ 10.)

8

According to Goding, Pellegrino told him that Brown's Alfa Romeo dealership would soon sell Maserati vehicles. (Id. at ¶ 12.) Pellegrino explained that although "they were in a 'holding pattern' of a few months until a 'mess' cleared up," "[o]nce everything was ready, Brown's Alfa Romeo would become a Maserati dealer." (Id.) When Goding expressed his surprise that Maseratis would be sold at the same location as Chrysler, Dodge, Jeep, Ram, Fiat, and Alfa Romeo vehicles, Pellegrino informed him that "Brown's would only sell Maseratis temporarily from its facility in Patchogue, and that eventually it would move its Alfa Romeo and Maserati operations to somewhere on North Shore." (Id. at ¶¶ 14, 16.) When Goding probed, Pellegrino stated "the future home of Brown's Alfa Romeo and Maserati dealership would be in or around Smithtown, New York." (Id. at ¶ 17.)

The reasonable inferences drawn from the Hayim and Goding declarations contradict defendants' position that Brown has no interest in the Smithtown dealership. Because the Court is required to resolve factual issues in favor of plaintiff when assessing a claim of fraudulent joinder, the Court must assume that an agreement exists between the defendants. This assumption is not inconsistent with Tedesco's declaration. Moreover, even if the Court were to accept the truth of Tedesco's assertions, the absence of a formal "Dealer Agreement" or "Letter of Intent" does not necessarily mean that there was no meeting of the minds regarding Brown's interest in the Smithtown dealership. As plaintiffs note, Tedesco's carefully crafted declaration leaves open the possibility that Maserati and Brown had a letter of intent that expired, that they have an oral contract, or that they have signed documents other than a formal "Dealer Agreement" and "Letter of Intent." Thus, defendants' attempt to distinguish Audi of Smithtown on its facts is unsupported by the record.[3]

---

[3] Even assuming, arguendo, that Brown lacks the right to "display, sell or service" Maseratis, (Tedesco Decl. ¶ 4), this does not foreclose the possibility of some other legal interest that would be inequitably affected by an injunction. For

9

Defendants also attempt to distinguish <u>Audi of Smithtown</u> by arguing that defendants' interests in that case were not necessarily aligned. Because the relief sought would have saved Audi money while taking away Atlantic Imports's right to payments, their interests did not rise and fall together. Here, defendants argue, Maserati and Brown share a mutual interest in the Smithtown dealership. Even assuming that a non-diverse party does not constitute a necessary party if his interests rise and fall with those of a diverse defendant, this argument is unpersuasive. As plaintiffs note, Brown has an interest in becoming a Maserati dealer in Smithtown, while Maserati only has an interest in putting <u>a</u> dealer in Smithtown, not specifically Brown. Thus, their interests cannot be said to rise and fall together. See <u>CMS Volkswagen</u>, 2013 WL 6409487, at *7 (noting that interest of Volkswagen Group and interest of third-party dealer who benefited from allegedly discriminatory sales performance formula did not necessarily "stand or fall" together).

Maserati and Brown further urge the Court to discount <u>Audi of Smithtown</u> and, instead, to rely on <u>CMS Volkswagen</u>. 2013 WL 6409487. <u>CMS Volkswagen</u>, however, is distinguishable.

In <u>CMS Volkswagen</u>, several dealerships sued Volkswagen Group of America, Inc. ("Volkswagen Group") and a third-party dealership ("Lash Auto Group"), alleging that Volkswagen Group's formula for calculating sales performance was discriminatory to the extent it failed to account for regional consumer preference. Plaintiffs sought an injunction barring Volkswagen Group from using the formula. Unlike in <u>Audi of Smithtown</u>, Judge Román determined that Lash Auto Group, the third-party dealer who may have profited under the formula, was not a necessary party to the action. The court observed that, had the injunction in <u>Audi of</u>

---

instance, given the understanding that Brown would acquire rights to open the Smithtown dealership once the Recovery Racing "mess" cleared up, Brown may have invested money to locate and secure property in Smithtown, designed a building suitable to become a Maserati dealership, and lined up personnel and staff to run the dealership. Ultimately, the Court need not consider these potential other interests because, as explained above, the Court assumes an agreement in some form exists between the defendants.

10

Smithtown been granted, Atlantic Imports would have automatically stopped receiving payments from Audi. By contrast, Judge Román explained that if he were to grant judgment against Volkswagen Group, Lash Auto Group would not automatically lose anything—the impact of a formula that accounted for regional consumer preference on Lash Auto Group was, at best, unclear.

More importantly, Judge Román reasoned that the issue presented by his case—i.e., whether Volkswagen Group's formula violated the Dealer Act by failing to account for regional consumer preference—was unaffected by the presence of Lash Auto Group:

> Plaintiffs' complaint alleges that the [formula] violates the Dealer Act with or without Lash Auto Group, and indeed logic provides the same result. Since the [formula] is applied equally to all dealerships, the existence of Lash Auto Group should not impact the legality of the formula. Noticeably, Plaintiffs do not allege that the [formula] is administered in an unfair way with respect to [plaintiffs]. Although Lash Auto Group might be affected by a judgment in favor of [plaintiffs] in this action, so too may other Volkswagen dealerships in New York. Lash Auto Group is implicated solely because its opening in 2010 affected [plaintiffs'] ability to sell into a certain geographic area. This fact is not critical in determining whether the [formula] violates the Dealer Act.

2013 WL 6409487, at *7.

Unlike in CMS Volkswagen, Brown's relationship with Maserati and the Smithtown dealership is critical to plaintiffs' claim, which contends that Maserati breached its contract and covenants of good faith and fair dealing with RR-Long Island by awarding the Smithtown dealership to Brown. Thus, CMS Volkswagen does not persuade this Court that Audi of Smithtown is inapplicable here. The Court concludes that, because the circumstances of this case are materially similar to Audi of Smithtown, similar relief—i.e., remand—is warranted.

On this record, the Court cannot say that defendants have established, by clear and convincing evidence, that Brown lacks any interest that might be inequitably affected by an injunction. Brown is therefore a necessary party under CPLR § 1001, and his joinder was not

11

fraudulent.

### 2. Defendants' Remaining Arguments

The Court has considered defendants' remaining arguments. These arguments lack merit and do not alter the Court's decision to follow the reasoning applied in Audi of Smithtown.

### III.  CONCLUSION

Because defendants have failed to establish that Gary Brown—a non-diverse defendant—was fraudulently joined, this Court lacks subject-matter jurisdiction to hear this dispute. Thus, this case is remanded back to the Supreme Court of the State of New York, County of Suffolk pursuant to 28 U.S.C.§ 1447(c).

The Clerk of Court is respectfully directed to mail a certified copy of this Order to the Clerk of the Supreme Court of the State of New York, County of Suffolk, see 28 U.S.C. § 1447(c), and to close this case.

**SO ORDERED**.

Date:   September 27, 2017
        Central Islip, New York

                                                                    /s/ (JMA)
                                                            Joan M. Azrack
                                                            United States District Judge